**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **DEBORAH GRIMSLEY** | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **CIVIL NO. 1:24-cv-00070** |
| | § | **JURY TRIAL DEMANDED** |
| **COSTCO WHOLESALE CORPORATION** | § | |
| **Defendant** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW DEBORAH GRIMSLEY, Plaintiff, and complains of Defendant COSTCO WHOLESALE CORPORATION, Defendant, and for cause of action would show as follows:

## PARTIES

1. Plaintiff DEBORAH GRIMSLEY is a citizen of Williamson County, Texas.

2. Defendant COSTCO WHOLESALE CORPORATION ("hereinafter Defendant or COSTCO") is a Foreign For-Profit Corporation is a Washington Corporation with its home office in Issaquah, Washington and at all material times pertinent to this suit was doing business in Texas. Defendant may be served with process and citation by serving its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

## JURISDICTION AND VENUE

3. This court has subject-matter jurisdiction over the action pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because there is complete diversity of citizenship between the Plaintiff and Defendant.

4. The court has personal jurisdiction over COSTCO because it has had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction. This cause of action arose from or relates to the contacts of COSTCO in the state of Texas.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(a) (2) because a substantial part of the events or omissions giving rise to the claim occurred in Williamson County which is within this district.

## FACTUAL ALLEGATIONS

6. On or about August 22, 2022, Plaintiff was a consumer at the Defendant's store located at 4601 183A in Cedar Park, Williamson County, Texas. Defendant had displayed, stacked, and stored boxes of merchandise in a manner and condition that created an unreasonably dangerous condition. As a consequence, on the occasion in question as Plaintiff was shopping, the merchandise fell on Plaintiff and injured her.

## PREMISES LIABILITY

7. On the occasion in question, the Defendant, acting through its agents, servants, and/or employees who were at all times acting within the course and scope of their employment committed acts and/or omissions that constituted negligence which proximately caused the incident in question; to wit:

a. In failing to maintain the premises in question in a reasonably safe condition and free of hazards to Plaintiff and its customers;

b. In failing to correct the unreasonably dangerous condition on the premises;

c. In failing to warn Plaintiff and its customers of this unreasonably dangerous condition;

d. In failing to properly inspect the premises in question to discover the unreasonably dangerous condition in question;

e. In failing to properly train its employees regarding the proper manner in which to make the premises reasonably safe;

f. In failing to implement proper policies, rules, and/or procedures to make its premises reasonably safe;

g. In creating this unreasonably dangerous condition; and

h. In failing to enforce proper policies, rules, and/or procedures to make its premises reasonably safe.

8. Each of these acts and omissions, singularly or in combination with others, constitute negligence. Such acts and omissions proximately caused the occurrence made the basis of this suit and the resulting injuries and damages suffered by Plaintiff.

9. Further, Plaintiff would show that at the time of this accident, Defendant's employees were acting in the course and scope of their employment and therefore Defendant is liable under the doctrine of respondent superior.

10. In sum, Defendant is liable because at time of trial, Plaintiff will show that (1) Plaintiff was an invitee; (2) Defendant exercised control over the premises; (3) an unreasonably dangerous premises condition existed; and (4) Defendant had actual or constructive knowledge of the dangerous condition; and (5) such acts of negligence described herein were a proximate cause of the occurrence and Plaintiff' damages.

**DAMAGES**

11. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff incurred the following damages:

a. Medical expenses in the past;

b. Medical expenses which will, in all reasonable probability, be incurred in the future;

c. Physical pain and suffering in the past;

d. Mental anguish in the past;

e. Physical pain and suffering in the future;

f. Mental anguish in the future;

g. Physical impairment in the past;

h. physical impairment which, in all reasonable probability, will be suffered in the future;

i. Loss of earnings in the past;

j. Loss of earning capacity which will, in all probability, be incurred in the future;

k. Physical disfigurement in the past; and

l. Physical disfigurement which will, in all probability, be suffered in the future.

12. Plaintiff seeks damages in excess of $75,000.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Deborah Grimsley, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant, for the damages sought herein in an amount the jury determines to be fair and reasonable; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the

Plaintiff may be entitled at law or in equity.

## DEMAND FOR JURY TRIAL

Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Respectfully submitted,

By: Joe B Stephens

JOE B. STEPHENS
Texas Bar No. 19157300
440 Cobia Drive, Suite 601
Katy, Texas 77494
Tel. (713) 224-0000
Fax. (713) 224-0055
Joe@JoeStephensLaw.com
*Attorney for Plaintiff*